UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PHILLIP NGUYEN, individually and on
behalf of others similarly situated                                                                PLAINTIFF

v.                                              No. 5:21-CV-05140

WASHINGTON REGIONAL
MEDICAL CENTER                                                                                     DEFENDANT

**OPINION AND ORDER**

Before the Court is a joint motion (Doc. 18) for a protective order and proposed protective order (Doc. 18-1). The motion seeks entry of an order protecting the parties' and select third-parties' trade secrets, confidential and proprietary business information, and customers' personal information. For the reasons set forth below, the Court will GRANT the motion and enter the protective order proposed by the parties, with some amendment.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing trade secrets or other confidential commercial information. Trade secrets and confidential commercial information fall squarely within the ambit of Rule 26(c). "Where

1

discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will neither impair prosecution nor the defense of the claims as the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information.

The parties' proposed protective order also includes sensitive personal information, which encompasses "personal health information, medical or psychiatric information, or other information that may invade the privacy rights of any person." (Doc. 18-1, p. 2). The Court finds good cause exists for an entry of a protecting order encompassing sensitive personal information.

The Court will separately enter a revised protective order.

IT IS THEREFORE ORDERED that the motion (Doc. 18) for a protective order is GRANTED.

IT IS SO ORDERED this 18th day of October, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE